IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| RODERICK Q. NEAL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:15-cv-00004 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| PATRICK HENRY COMMUNITY COLLEGE, | ) ) | By: Hon. Jackson L. Kiser Senior United States District Judge |
| | ) | |
| Defendant. | ) | |

Before me is Defendant Patrick Henry Community College's Motion to Dismiss Plaintiff's First Amended Complaint. [ECF No. 26.] The matter was briefed by the parties, and I heard oral argument on the motion on July 21, 2015. For the reason stated herein, Defendant's Motion to Dismiss will be granted in part and denied in part. Specifically, I will grant the motion with respect to Claim II (violation of due process) and Plaintiff's (Claim I) claims of disparate compensation and hostile work environment, but deny it with regard to (Claim I) claims of discrimination and retaliation in violation of Title VII.

## I.  STATEMENT OF FACTS AND PROCEDURAL BACKGROUND[1]

Plaintiff Roderick Q. Neal ("Plaintiff" or "Neal") was an Associate Professor of Sociology/Psychology at Defendant Patrick Henry Community College ("Defendant" or "PHCC"). Plaintiff was initially hired to teach at PHCC in December of 2010.

At some point in 2013, Plaintiff alleges that a non-minority student used the "N-word" in his class. Plaintiff "confronted the student at which time he became aggressive verbally in a threatening manor [*sic*]. [Plaintiff] contacted the security officer immediately and had [the

---

[1] The facts are taken from Plaintiff's *pro se* Amended Complaint. As this stage, it is appropriate to accept Plaintiff's factual allegations as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

student] removed from the class." (Am. Compl. ¶ 9 [ECF No. 25].) Plaintiff alerted PHCC administrators about the incident, but he asserts that "no action was taken what so ever [*sic*]. In fact [the student] was allowed to remain in class." (Id.)

On January 14, 2014, as part of the faculty review and promotion process, Plaintiff received an "Excellent" on his faculty evaluation form. Two months later, on March 17, Plaintiff received a Promotion Appointment Proposal for the upcoming school year. Ten days after that, a student submitted a complaint against Plaintiff, alleging "inappropriate sexual statements, class cancelations [*sic*]." (Id. ¶ 12.) Plaintiff alleges that the allegations were false, and the student subsequently withdrew her complaint.

On April 3, 2014, as part of the same faculty review and promotion process, Dean Greg Hodge conducted an in-class review of Plaintiff. Plaintiff asserts that that evaluation was neither "valid nor reliable." (Id. ¶ 14.) The April review "was only one part of the overall evaluation process." (Id.) Around the same time, Plaintiff received student evaluations as another element of his review. The students cumulatively ranked Plaintiff 4.488 out of a possible 5, a rating indicating "Very Good/High Professional Performance." A rating of 4.5 or higher indicates "Excellent/Exemplary Professional Performance."

On April 14, 2014, Plaintiff met with Dean Hodge. During that meeting, Plaintiff claims that he questioned a salary and promotion document from the Human Resources Office that is used for outlining salaries and promotions based on professional and academic credentials. He also asked about income inequality and raised salary inequality concerns that several African-American employees had been discussing. (See id. ¶¶ 19–20, 39–40.)

- 2 -

Case 4:15-cv-00004-JLK-RSB   Document 34   Filed 09/03/15   Page 2 of 13   Pageid#: 436

A few weeks later, on May 7, 2014, Plaintiff met with Dr. Westover and Chris Parker,[2] ostensibly to discuss Plaintiff's evaluation. At that time, they advised Plaintiff that he was not being recommended for reappointment; essentially, Dr. Westover and Chris Parker told Plaintiff that he was being fired. They showed him a memo they had prepared for President Godwin outlining their reasons for the recommendation. Plaintiff was surprised to see in the memo statements regarding his April 14th meeting with Dean Hodge. The semester ended ten days later.

On May 22, Plaintiff filed a complaint with the Equal Employment Opportunity Commission, wherein Plaintiff stated that he believed he "was discriminated against because of [his] race (African American) and subjected to retaliation for complaining of unlawful employment practices among other issues, in violation of the Civil Rights Act of 1964, as amended." [ECF No. 2-8.] On May 27, Plaintiff received an e-mail with his termination letter. The next day, he filed a grievance regarding his termination with Dean Hodges. Dean Hodges received that grievance on May 30. Plaintiff "further filed an appeal regarding wrongful termination on June 4, 2014. [Plaintiff] received a letter from Dr. Westover, dated June 5, 2014, that [his] appeal for wrongful termination was denied." (Am. Compl. ¶ 25.)

At some point, Plaintiff filed a complaint with the Virginia Department of Human Resources Management, Office of Equal Employment Services ("OEES"). (See id. ¶ 36.) On September 11, 2014, OEES informed Plaintiff that he could not pursue a grievance with both OEES and through the state grievance procedure. Plaintiff withdrew his grievance on September 16 and proceeded with his complaint at OEES.

Plaintiff received a Dismissal and Notice of Rights letter from the EEOC on October 27, 2014; the EEOC made no determination regarding Plaintiff's allegations. Plaintiff filed suit in

---

[2] Dr. Westover and Chris Parker's roles at PHCC is unclear.

this Court on January 27, 2015. On March 4, 2015, OEES informed Plaintiff that it was closing its investigation due to the present lawsuit. No findings were ever made regarding Plaintiff's allegations.

Defendant moved to dismiss Plaintiff's original Complaint, and I granted that motion on April 14, 2015. Plaintiff timely filed an Amended Complaint, which Defendant has moved to dismiss as well. After thorough briefing and argument, the matter is ripe for decision.

## II. STANDARD OF REVIEW

As an initial matter, *pro se* complaints are held to "less stringent standards than the formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

When a challenge to subject matter jurisdiction is raised under Rule 12(b)(1), "the burden of proving subject matter jurisdiction is on the plaintiff." Richmond, Fredericksburg & Potomac R. Co. v. U.S., 945 F.2d 765, 768 (4th Cir. 1991) (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. "The court must grant the motion 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" Little v. Stock Bldg. Supply, LLC, Case No. 4:10-cv-129, 2011 WL 5146179, at *3 (E.D.N.C. Sept. 2, 2011) (quoting Richmond, 945 F.2d at 768).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

(2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In determining facial plausibility, the court must accept all factual allegations in the complaint as true. Id. The Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (internal quotation marks omitted). Therefore, the Complaint must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

### III. DISCUSSION

At the outset, it is important to note that, although Plaintiff is proceeding *pro se* and is therefore entitled to some deference in his pleadings, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), his claims must be limited to those allegations made to the EEOC. See Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 962–63 (4th Cir. 1996); Lawson v. Burlington Indus., Inc., 683 F.2d 863–64 (4th Cir. 1982). Giving his Amended Complaint a generous reading, Plaintiff asserts two overarching claims. First, he asserts discrimination under Title VII. Within this claim (Claim I), he asserts discrimination, retaliation, discrimination in compensation, and hostile work environment. Second, he asserts a violation of due process (Claim II). These claims will be addressed in turn.[3]

---

[3] Defendant has raised an overarching objection that the majority of Plaintiff's allegations were not before the EEOC, and that he therefore did not exhaust his administrative remedies. I am not persuaded by this argument. Plaintiff alleged that he was the victim of discrimination and retaliation on account of his race. Plaintiff is only required to submit his claims to the EEOC; he is not required to plead those claims under

- 5 -

A.  Claim I: Discrimination

"In order to establish a prima facie case of employment discrimination, [Plaintiff] must show: (1) that [he] is part of a protected class; (2) that [he] was meeting [his] employer's legitimate performance expectations; (3) that [he] was subjected to an adverse employment action; and (4) that the circumstances of the adverse action 'rationally support the inference that the adverse employment action was motivated by unlawful considerations.'" Cuffee v. Tidewater Comm. College, 409 F. Supp. 2d 709, 717 (E.D. Va. 2006) (quoting Chika v. Planning Research Corp., 179 F. Supp. 2d 575, 581 (D. Md. 2002)).  There is no doubt that Plaintiff, an African-American, is a member of a protected class, and there is no contention that his termination was not an adverse employment action.  Thus, Plaintiff satisfies the first and third prongs.  Defendant challenges only the second prong.

Plaintiff contends that, despite meeting his employer's legitimate expectations, he was not offered reappointment.  Defendant counters that, based on Dean Hodge's evaluation, Plaintiff was not meetings its expectations.  Judging simply the Amended Complaint on its face, Plaintiff has alleged that he was meeting his employer's legitimate expectations.

Plaintiff alleged that, in January of 2014, he received an "Excellent" on his faculty evaluation.  In March of 2014, he received a Promotion Appointment Proposal for the upcoming school year, indicating that he was "being considered for a multi-year appointment for the position of Professor of Sociology & Psychology."  (Def.'s Mem. in Supp. Mot. to Dismiss pg. 3, May 8, 2015 [ECF No. 27] ["Def.'s Mem."].)  Around that same time, the students scored

---

the standard applicable to his Complaint in this Court.  (See Def.'s Mem. pg. 11–12 (arguing that Plaintiff's allegations in his EEOC complaint "are fatally defective because they do not meet the plausibility standard required by Twombly/Iqbal").  Moreover, Defendant is not entitled to avoid every factual allegation that Plaintiff did not plead before the EEOC.  I find that Plaintiff adequately alleged his claims of discrimination, disparate compensation, and retaliation in his complaint with the EEOC.  (See ECF No. 2-8 ¶ III.)

Plaintiff a mere .012 points away from the "Excellent" rating. These facts, as adequately pleaded, allege that Plaintiff was meeting Defendant's legitimate performance expectations.

Defendant counters by arguing that the Promotion Appointment Proposal is an automatic process that does not mean anything definitive, apparently "a tale . . . , full of sound and fury, signifying nothing." William Shakespeare, Macbeth, act 5, sc. 5.[4] Even assuming that is true, that allegation is not in Plaintiff's Amended Complaint. Defendant cannot secure dismissal under Rule 12(b)(6) by relying on facts that Plaintiff did not plead.[5] This argument will have to be reserved for the appropriate time.

PHCC also argues that Plaintiff cannot point to a similarly situated employee who was treated better. (See Def.'s Mem. pg. 14–16.) This argument misses the mark. Plaintiff "is not required as a matter of law to point to a similarly situated white comparator in order to succeed on a race discrimination claim. . . . However helpful a showing of a white comparator may be to proving a discrimination claim, it is not a necessary element of such a claim." Bryant v. Aiken Reg'l Med. Ctrs. Inc., 333 F.3d 536, 545–46 (4th Cir. 2003). Plaintiff mistakenly grafts one element of a disparate compensation claim, see, e.g., White v. BFI Waste Servs., LLC, 375 F.3d 288, 295 (4th Cir. 2004) , onto the causation requirement of a generic race discrimination claim. Because a "similarly situated" comparator is not an element of this claim, Defendant's argument is easily rejected.

---

[4] The full quote from Macbeth is, "[I]t is a tale told by an idiot, full of sound and fury, signifying nothing." The harshness of the full quote, in this context, is unwarranted.

[5] The Promotion Appointment Proposal has not been submitted for the court to review. See Zak v. Chelsea Therapeutics Intern., Ltd., 780 F.3d 597, 606–07 (4th Cir. 2015) (permitting review of documents relied on in the complaint and whose authenticity is not questioned). Any argument regarding how and why the Promotion Appointment Proposal was created and sent is not appropriate to consider on a Rule 12(b)(6) motion to dismiss.

- 7 -

Plaintiff has adequately pleaded the elements of a race discrimination claim under Title VII, and Defendant's motion will be denied in that respect.

B. <u>Claim I: Retaliation</u>

Plaintiff has alleged a clear-cut case of retaliation. "The elements of a prima facie retaliation claim under Title VII are: (1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action." <u>Coleman v. Md. Court of Appeals</u>, 626 F.3d 187, 190 (4th Cir. 2010) (citing <u>Mackey v. Shalala</u>, 360 F.3d 463, 469 (4th Cir. 2004)). The Fourth Circuit has added additional requirements to the first prong of the prima facie case. Generally speaking, complaining about or opposing conduct made unlawful by Title VII is a protected activity. <u>See, e.g.</u>, <u>Harden v. Wicomico Co., Md.</u>, 436 Fed. App'x 143, 146 (4th Cir. 2011) (unpublished). In order for a complaint to be a "protected activity," however, the complainant, who need not be the victim, must subjectively believe that he is complaining about conduct that is unlawful, and that belief must be objectively reasonable. See <u>EEOC v. Navy Fed. Credit Union</u>, 424 F. 3d 397, 406-07 (4th Cir. 2005); <u>see also</u> <u>Clark County Sch. Dist. v. Breeden</u>, 532 U.S. 268, 271 (2001) (per curiam) (resolving the objective reasonableness of Title VII plaintiff's beliefs through the summary judgment process, thereby making the issue a question of law).

Defendant argues that Plaintiff concedes he was terminated for a number of reasons, but this argument relies on allegations in the dismissed original Complaint. In the Amended Complaint, Plaintiff does not make any allegations regarding PHCC's other alleged justifications for its actions. Boiled down to their essence, Plaintiff's allegations in the Amended Complaint are:

(1) he was sent a Promotion Appointment Proposal;
(2) he received an excellent faculty evaluation;

- 8 -

(3) he received an impressive score on his student evaluations;
(4) he questioned income inequality among African-American professors;
(5) he was fired;
(6) all within the span of five months.

Whether PHCC can offer evidence showing that the alleged retaliation was not a "but-for" cause of Plaintiff's termination is a question for another day.[6] The only question here is whether Plaintiff's allegations make out a *prima facie* case of retaliation. He has.

Defendant also counters that Plaintiff has not alleged that PHCC's stated reasons for firing him were pretextual. First, Plaintiff does not address PHCC's reasons for its actions at all, so he need not claim they were pretextual. Rather, he alleges that he was fired after questioning salary inequalities for minority professors. His Amended Complaint does not address—and need not address—PHCC's defense. All that is required is that he plead *his* case, not Defendant's.

Moreover, the issue of pretext is only relevant if Plaintiff is proceeding under the McDonnell-Douglas burden-shifting framework. "Plaintiffs [alleging retaliation] may prove [their] violations *either* through direct and indirect evidence of retaliatory animus, *or* through the burden-shifting framework of McDonnell Douglas Corp. v. Green." Foster v. Univ. of Md.-Eastern Shore, 787 F.3d 243, 249 (4th Cir. 2015). Under the McDonnell-Douglas framework, if an employer offers a legitimate, nonretaliatory reason for its action, "the burden shifts back to the plaintiff to rebut the employer's evidence by demonstrating that the employer's purported nonretaliatory reasons 'were not its true reasons, but were a pretext for discrimination.'" Id. (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143 (2000)). But Plaintiff is

---

[6] In University of Texas Southwestern Medical Center v. Nassar, "the Supreme Court held that the lessened causation standard of [42 U.S.C.] § 2000e-2(m) does not apply to retaliation claims. Unlike discrimination plaintiffs, retaliation plaintiffs are limited to 'traditional principles of but-for causation' and must be able to prove that 'the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer.'" Foster v. Univ. of Md.-Eastern Shore, 787 F.3d 243, 249 (4th Cir. 2015) (quoting Univ. of Texas Sw. Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2533 (2013)).

not *required* to proceed under that theory. It follows, then, that he is not *required* to plead that theory. Defendant's motion will be denied on this claim.

### C. Claim I: Discrimination in Compensation

"To establish a prima facie case of race discrimination with respect to salary and compensation, [Plaintiff] must establish that he is a member of protected class, that his job was similar to other jobs occupied by those outside his class, and that he receive[d] a lower wage." Chika v. Planning Research Corp., 179 F. Supp. 2d 575, 598–84 (D. Md. 2002) (citing Brinkley-Obu v. Hughes Training, Inc., 36 F.3d 336, 343 (4th Cir. 1994). See also Prince-Garrison v. Md. Dep't of Health and Mental Hygiene, 317 F. App'x 351, 353 (4th Cir. 2009) (per curiam) (unpublished) (citing Holland v. Washington Homes, Inc., 487 F.3d 208, 214 (4th Cir. 2007)). Unlike Plaintiff's generic Title VII discrimination claim, his lack of a similarly-situated comparator is fatal to this claim. See White, 375 F.3d at 295.

In his Amended Complaint, Plaintiff does not allege that any white associate professor was paid more than him. Without that piece of evidence, his complaint can only be described as one applying to all professors, regardless of their race. His complaint is that no one is paid enough, not that he was paid less because he is African-American. Such a claim is not colorable under Title VII, and must be dismissed.

In his response to Defendant's motion, Plaintiff attempted to lay our further evidence in support of his argument. On a motion to dismiss, however, it is only the Complaint that is considered. If supporting facts are not in his Complaint, Plaintiff cannot rely on those allegations to defeat a motion to dismiss. For that reason, the evidence and argument he propounded in his subsequent filings cannot be considered to support his allegations, and Defendant's motion will be granted.

D. Claim I: Hostile Work Environment

Plaintiff also claims that he suffered racial discrimination in the form of a hostile work environment. (See Am. Compl. ¶ 9.) "To state a claim for hostile work environment, [Plaintiff] must show that: (1) the harassment was unwelcome; (2) the harassment was based on his race . . . ; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer." Causey v. Balog, 162 F.3d 795, 801 (4th Cir. 1998) (citing Hartsell v. Duplex Prods., Inc., 123 F.3d 766, 772 (4th Cir. 1997); see also White, 375 F.3d at 296–97 (quoting Spriggs v. Diamond Auto Glass, 242 F.3d 179, 183 (4th Cir. 2001). Plaintiff's sole allegation giving rise to a hostile work environment claim is his assertion that a student used the "N-word" in class and that the PHCC administration took no action against him.

Plaintiff did not raise this claim with the EEOC, and therefore he may not pursue it now. Failure to exhaust his administrative remedies with the EEOC deprives the court of subject matter jurisdiction. See Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009). The claim must be dismissed.[7]

E. Claim II: Due Process

Finally, Plaintiff alleges he was denied due process during his termination and grievance procedure. In Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985), the Supreme Court held that:

> [A]n employee who has a constitutionally protected property interest in his employment, which a Virginia public employee was said in Detweiler [v. Virginia Department of Rehabilitative Services, 795 F.2d 557 (4th Cir. 1983)] to have, is entitled to "some kind of hearing" prior to discharge. Such hearing "need not be elaborate" since the hearing "need not definitely resolve the

---

[7] This claim was not addressed by Defendant, but is dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3).

> propriety of the discharge." The extent of a public employee's right to a pre-termination hearing, according to the Court, was "oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." Anything more than that, the Court declared, "would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee."

Bushi v. Kirven, 775 F.2d 1240, 1255 (4th Cir. 1985) (quoting Loudermill, 470 U.S. at 545–46).

Plaintiff's Amended Complaint, however, establishes that he cannot proceed on this claim. By his own admission, he was granted a grievance procedure, but voluntarily withdrew his claim. When he voluntarily terminated the process he was being offered, he forfeited his right to complain that the process was insufficient.[8] At a minimum, he was obliged to give PHCC the opportunity to honor his constitutional right to due process. Here, he admits that he did not. As such, his claim that his due process rights were denied cannot proceed. Defendant's motion to dismiss Claim II will be granted.

## IV. CONCLUSION

Plaintiff has adequately pleaded claims for discrimination and retaliation. These claims were also submitted to the EEOC, and therefore the court has subject-matter jurisdiction over the claims. Defendant's motion to dismiss will be denied as to those allegations. Plaintiff's claims of disparate compensation, hostile work environment, and violation of his due process rights will be dismissed for failure to state a claim and for lack of subject matter jurisdiction.

---

[8] There is no allegation that Defendant or any state agency or actor pressured or coerced Plaintiff into dropping his grievance. Rather, he admits that he dropped it in order to pursue a remedy with OEES. That was entirely his option.

- 12 -

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to Plaintiff and all counsel of record.

Entered this 3rd day of September, 2015.

s/Jackson L. Kiser<br>
SENIOR UNITED STATES DISTRICT JUDGE